[Civ. No. 4401. First Appellate District, Division One.—January 11, 1923.]

KATE SINGER, Appellant, v. J. H. BRUNS et al., Respondents.

[1] NEGLIGENCE—CROSSING COLLISION—PERSONAL INJURIES TO STREET-CAR PASSENGER—EVIDENCE—FINDINGS.—In this action for damages for personal injuries sustained by plaintiff as the result of a collision between a motor-truck and a street-car upon which she was riding as a passenger, the evidence as to the movements of the street-car and the motor-truck as they approached the crossing, particularly as to the act of the motorman in bringing his car practically to a standstill, thereby leading the driver of the motor-truck to believe that he would be permitted to cross ahead of the street-car, was such as to justify the court in finding that the agents of the railway company were negligent and that the defendants owner and driver of the motor-truck were not.

APPEAL from a judgment of the Superior Court of Alameda County. A. F. St. Sure, Judge. Affirmed.

The facts are stated in the opinion of the court.

H. S. Henion and Ostrander & Carey for Appellant.

Louis V. Crowley and Cooley, Crowley & Lachmund for Respondents.

RICHARDS, J.—This is an appeal on behalf of the plaintiff from a judgment in favor of defendants J. H. Bruns and Elwyn Bruns in an action brought by the plaintiff to recover damages for personal injuries sustained in a collision between a street-car of the defendant San Francisco-Oakland Terminal Railways, upon which the plaintiff was a passenger, and an auto-truck being driven by the defendant Elwyn Bruns. After the commencement of the action, but before the trial thereof, it was upon the plaintiff's motion dismissed as to the defendant San Francisco-

---

1. Presumption of negligence from injury to passenger by collision with vehicles, notes, 4 Ann. Cas. 10; Ann. Cas. 1917C, 634; 68 L. R. A. 799; 2 L. R. A. (N. S.) 725; 13 L. R. A. (N. S.) 610; 29 L. R. A. (N. S.) 813; L. R. A. 1916C, 373.

Oakland Terminal Railways, but was continued and tried as against the defendants Bruns before the court sitting without a jury. Upon the submission of the cause the trial court made its findings of fact and conclusions of law, wherein and whereby it found that the collision occurred by reason of the careless and negligent manner in which the street-car was operated by the employees of the San Francisco-Oakland Terminal Railways; and that it was untrue that the defendants Bruns, or either of them, were careless or negligent in the operation of their said auto-truck, but, on the contrary, it was true that the said defendants Bruns were operating and driving the same in a careful and prudent manner at the time of said collision. [1] As a conclusion of law from the foregoing findings of fact the court found that the plaintiff was not entitled to recover as against the defendants Bruns and gave its judgment accordingly in favor of said defendants. The plaintiff prosecutes this appeal from said judgment.

The evidence with respect to the circumstances under which the collision in question occurred is quite conflicting and it would serve no useful purpose to restate such evidence with a view merely to disclosing the particulars in which such conflict exists. It will be sufficient to state that there was substantial evidence presented to the trial court showing that the collision in question occurred on the sixth day of March, 1920, at the intersection of Fallon and Eighth Streets, in the city of Oakland. The San Francisco Terminal Railways, a corporation, was at the time operating an east-bound street-car on and along the southerly track of its system on Eighth Street, and the plaintiff was a passenger upon said car. The defendants Bruns, Elwyn Bruns driving, were operating an automobile truck on Fallon Street, going in a northerly direction at or near the point of said intersection. The speed of said truck was by a governor limited to thirteen miles an hour. It was heavily laden and was proceeding at the time at about the speed of seven miles an hour. As the truck approached Eighth Street and as the car going easterly on Eighth Street drew near the intersection of the two streets, a lighter truck, traveling faster, came into view on Fallon Street, moving southerly toward Eighth as though to cross the street in front of the car. The motorman on the car was watching

this south-bound automobile and, apparently thinking it was about to cross Eighth Street in front of his car, brought it almost, if not entirely, to a stop. The south-bound automobile did not cross Eighth Street, but suddenly swerved to the west and turned into Eighth Street. The defendant Elwyn Bruns seeing the street-car coming, apparently, to a standstill, continued on his way across Eighth Street, but when almost upon the tracks observed that the motorman on the car, who had been watching the movements of the lighter automobile and was not, apparently, observing the movement of the auto-truck or its advance across the street, suddenly caused the car to pick up speed. The driver of the auto-truck, seeing this unexpected action on the part of the car, endeavored to avoid a collision by turning sharply to the right, but the car struck the auto-truck on its left side and by the impact the plaintiff sustained her injuries. From these facts there is substantial evidence to sustain the trial court's finding that the agents of the railway corporation in charge of the car were negligent and that the defendants Bruns were not. This case requires no elaborate discussion of the principles of law involved, since the question of negligence was, upon the disputed evidence in the case, a question of fact and not a question of law. Whether the defendants Bruns were entitled, under the circumstances of the instant situation, to believe that the car of the railway corporation had come or was about to come to a standstill in order to allow the two vehicles, which were traveling in opposite directions on Fallon Street and were each approaching the track, to cross before the car proceeded on its way, was a question of fact for the trial court to determine and with that determination we cannot interfere. Whether or not the motorman upon the car had, by his conduct in bringing his car practically to a standstill, led the defendants Bruns to a reasonable belief that he would await their crossing in front of his car, and whether or not his conduct in speeding up his car while they were thus proceeding was or was not negligence on his part, were also, in view of the conflicting evidence in the case, questions of fact which it was the sole function of the trial court to determine. The cases cited by the appellant have no application to such a disputed state of facts

as is presented in this record and it is not, therefore, necessary to review them in detail. We find no reason for disturbing the findings and conclusions of the trial court. The judgment is affirmed.

Tyler, P. J., concurred.